IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
YOUNGSTOWN DIVISION

ALEX N. ARFONS,

    Plaintiff,

v.

HEWITT CAPITAL LLC,

    Defendant.

Case No. 4:19-cv-02360

## COMPLAINT

NOW COMES, ALEX N. ARFONS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of HEWITT CAPITAL LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. ALEX N. ARFONS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Warren, Ohio.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. HEWITT CAPITAL LLC ("Defendant") is a foreign limited liability company with its principal place of business located in Buffalo, New York.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. Years ago, Plaintiff applied for and obtained an unsecured installment loan.

10. As result of financial hardship, Plaintiff quickly fell behind on payments.

11. Once unpaid, Plaintiff's $153.57 account balance was referred for collection.

12. Plaintiff's $153.57 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which is the subject of the transaction are primarily for personal, family, or household purposes.

13. In June of this year, Plaintiff started to receive phone calls from Defendant.

14. Defendant sought to obtain payment on Plaintiff's unpaid account balance.

15. Defendant demanded immediate payment.

16. Defendant informed Plaintiff that "if arrangements are not made, we will just take what is owed."

17. Taken aback, Plaintiff reluctantly agreed to make a one-time electronic fund transfer (EFT) of $153.57 on June 25, 2019 – despite being between jobs.

18. Immediately having second thoughts, Plaintiff promptly contacted Defendant to reschedule this payment – to be made on July 4, 2019.

19. Nonetheless, on June 25, 2019, Defendant withdrew *$164.25* – via EFT – from Plaintiff's banking account – *nine days before agreed-upon date*.

20. To date, no collection proceedings have been commenced against Plaintiff to collect this debt.

21. Defendant's unlawful collection practices have resulted in anxiety, distrust, and mental anguish.

22. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

23. Accordingly, Plaintiff needed to expend energy and time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

25. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)  The false representation of –

    (A)  the character, amount, or legal status of any debt.

(5)  The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), e(5), and e(10).

26. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by misrepresenting that Plaintiff owed $153.57; then withdrawing $164.52 from Plaintiff's banking account.

27. Defendant violated 15 U.S.C. § 1692e(5) by representing/threatening that they will take what is owed if arrangements are not made.

28. Upon information and belief, Defendant did not intend, or couldn't legally take such action at time they made that threat.

### Violation(s) of 15 U.S.C. § 1692f

29. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

30. Defendant violated 15 U.S.C. § 1692f by withdrawing $164.52 from Plaintiff's banking account *without Plaintiff's consent*.

31. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(5), e(10) and f pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.  a finding that Defendants violated 15 U.S.C. §§ 1692e(2)(A), e(5), e(10) and f;

B.  an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.  an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 9, 2019                                  Respectfully submitted,

**ALEX N. ARFONS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com